IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIFFANY JAMES, an individual. <br><br> Plaintiff, <br> v. <br><br> WEST VALLEY CITY, a political subdivision of the State of Utah, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING [31] PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF KEVIN ASTILL** <br><br> Case No. 2:16-cv-00752 DN <br><br> District Judge David Nuffer |

Defendant West Valley City attached the Declaration of Kevin Astill[1] to its Reply[2] to its Summary Judgment Motion.[3] Plaintiff Tiffany James timely objected[4] to a paragraph of that Declaration under Fed. R. Civ. P. 56(c)(2) and DUCivR 7-1(b).

Specifically, Plaintiff objects to paragraph 4 of the Declaration as lacking foundation under Fed. R. Evid. 602.[5] Mr. Astill relates in that paragraph that he had discussed terminating Plaintiff's employment on more than one occasion with Plaintiff's supervisor due to various employment issues the supervisors were having with Plaintiff job performance.[6] Mr. Astill offers that he remembers that these issues included tardiness and not satisfactorily performing job

---

[1] Reply Memorandum in Support of West Valley City's Motion for Summary Judgment ("Reply"), Exhibit 1, Declaration of Kevin Astill ("Declaration"), docket no. 28-1, filed February 8, 2018.

[2] Reply, docket no. 28, filed February 8, 2018.

[3] West Valley City's Motion for Summary Judgment ("Summary Judgment Motion"), docket no. 18, filed December 8, 2017.

[4] Plaintiff's Objections to the Declaration of Kevin Astill ("Objection"), docket no. 31, filed February 15, 2018.

[5] *Id.* at 3.

[6] Declaration at 2.

duties.[7] Plaintiff argues that the statements in that paragraph are inadmissible because Mr. Astill does not offer foundational facts that support his testimony.

West Valley City responds by arguing that this paragraph is admissible because it offers details of personal conversations that Mr. Astill had with Plaintiff's supervisor. As a direct party to those conversations, Mr. Astill has personal knowledge of the subject matter that was discussed.[8] West Valley City is correct.

"[A] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[9] In the preceding paragraphs of his Declaration, Mr Astill establishes that he was the director of West Valley City's park and recreation department at the relevant time and that that he was aware of the issues surrounding Plaintiff's employment and termination.[10] The content of his Declaration supports a finding that, in his capacity as a department director, he would have personal conversations about the performance of an employee and employment actions.

Although the paragraph is not objectionable, West Valley City does not rely on it in its Reply. The only paragraph of the Declaration that West Valley City relies on in its Reply is paragraph 5,[11] and Plaintiff's Objection does not extend to that paragraph. The Objection is OVERRULED, but the resolution of the Objection is immaterial to West Valley City's Summary Judgment Motion.[12]

---

[7] *Id.*

[8] Response to Plaintiff's Objections to the Declaration of Kevin Astill, docket no. 32, filed February 22, 2018.

[9] Fed. R. Evid. 602

[10] Astill Declaration ¶¶ 3–4.

[11] Reply at pp. 5, 17.

[12] Docket no. 18.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's objection[13] is OVERRULED.

Signed March 23, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[13] Docket no. 31.